# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT BRUNETTO,** *on his own behalf and*
*others similarly situated,*

                    **Plaintiff,**

**-vs-**                                              **Case No.  6:07-cv-62-Orl-22KRS**

**ALPHA ENVIRONMENTAL MANAGEMENT**
**CORP.,  JOHN J. MANDATO, and ANDREW A.**
**REITZEL,**

                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. No. 20)** |
| **FILED:** | **April 6, 2007** |

This case was brought by Plaintiff Robert Brunetto under the Fair Labor Standards Act, FLSA,

as a collective action.  29 U.S.C. § 201, *et seq*.  Doc. No. 1.  However, no other persons have joined

as plaintiffs.

In *Lynn's Food Stores, Inc. v. United States*, the Eleventh Circuit explained that claims for

back wages under the FLSA may only be settled or compromised when the Department of Labor

supervises the payment of back wages or when the district court enters a stipulated judgment "after

scrutinizing the settlement for fairness."  679 F.2d 1350, 1353 (11th Cir. 1982).  In reaching this

determination, the court must consider whether the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1355.

On April 23, I held a hearing to consider the fairness of the settlement. In Brunetto's amended answers to the Court's interrogatories, Brunetto indicated that he was entitled to a total of $4,170.00 in unpaid overtime compensation. Doc. No. 18. At the hearing, Brunetto's counsel stated that under the settlement agreement, Brunetto would receive $2,500.00 in unpaid wages. The parties did not provide any justification as to why the plaintiff has agreed to accept a sum less than what he is entitled to under the FLSA, and they indicated that they did not request that the Court find that the settlement was fair

Accordingly, based on the lack of a proffer sufficient to support a finding that the settlement is fair, I **RESPECTFULLY RECOMMEND** that the Court find that the settlement is not a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 8, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy